```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
    _____

    INFINITY STAFFING SOLUTIONS,
    LLC, d/b/a LYNEER STAFFING
    SOLUTIONS,
                                        Civil No. 18-12626 (NLH/JS)
                Plaintiff,
                                        OPINION
         v.

    RICHARD A. GREENLEE and
    PARAMOUNT CONVERSIONS LLC,

                Defendants.
    _____
```

**APPEARANCES:**

ROBERT L. SALDUTTI
REBECCA K. MCDOWELL
SALDUTTI LLC
800 N. KINGS HIGHWAY
SUITE 300
CHERRY HILL, NJ 08034

   *Attorneys for Plaintiff Infinity Staffing Solutions, LLC d/b/a Lyneer Staffing Solutions.*

TERENCE J. SWEENEY
44 FAIRMOUNT AVENUE
1ST FLOOR
CHATHAM, NJ 07928

   *Attorney for Defendants Richard A. Greenlee and Paramount Conversions LLC.*

**HILLMAN, District Judge**

   This case concerns a breach of contract and alter ego claim arising out of a staffing agreement between a New Jersey limited liability company and a Mississippi limited liability company and its sole member.  Presently before the Court is a Motion to

Dismiss for Lack of Personal Jurisdiction ("Motion to Dismiss") filed by Defendant George Richard Greenlee, Jr.[1] For the reasons stated below, this Court will deny Defendant Greenlee's Motion to Dismiss.

## BACKGROUND

The Court bases this statement of facts upon Plaintiff's ("Lyneer's") complaint and the parties' submissions. Sometime in mid-2015, it appears that Greenlee, on behalf of Paramount Conversions LLC ("Paramount"), approached Lyneer about staffing needs for a project. In June 2015, on behalf of Paramount, Greenlee signed a staffing agreement with Lyneer (the "Staffing Agreement").

Of import to the instant motion, the Staffing Agreement[2] contained a "Forum Selection Clause." This clause states:

> Except as set forth in section 9b below, and except with regard to those claims which are subject to arbitration as provided in section 4d of the Staffing Agreement, any and all claims, causes of action, or lawsuits filed by or against LYNEER related to the Staffing Agreement or any other matter arising directly or indirectly from the Staffing Agreement or the Parties' obligations thereunder, including but not limited to claims to enforce the Staffing Agreement, as well as tort or

---

[1] As stated in previous opinions on a separate docket, Plaintiff incorrectly refers to Defendant as Richard A. Greenlee. See Infinity Staffing Sols. LLC v. Paramount Conversions, LLC, et al., 1:17-cv-10650 (NLH/JS). This Court will refer to Defendant by what he asserts is his real name.

[2] The forum selection clause is contained in Exhibit A to the Staffing Agreement, which is entitled "Additional Terms and Conditions to Staffing Agreement." (Def.'s Mot. to Dismiss, Ex. D.)

> statutory claims arising out of or related to the Parties' association as a result of the Staffing Agreement, shall be filed in the state or federal courts located in the State of New Jersey. The Parties irrevocably submit to the exclusive jurisdiction of such courts, and hereby waive any jurisdictional, venue, or inconvenient forum objections to such courts.

(Def.'s Mot. to Dismiss, Ex. D.)[3]

Although there does not appear to be a "section 9b," the Staffing Agreement does include a "section 4d." It provides a procedure by which the parties must lodge and resolve invoice disputes. These disputes, if unable to be settled among the parties, are subject to binding arbitration before the American Arbitration Association.

After executing the agreement, Lyneer alleges it provided Paramount with employees and labor pursuant to the Staffing Agreement. According to the complaint, it appears Greenlee was not paid by the third-party running the project. As a result, Greenlee has not paid all or part of Lyneer's fees under the Staffing Agreement.

Therefore, Lyneer brought a complaint against Paramount and Greenlee on February 7, 2017. It was originally removed to this Court on November 1, 2017 under a different docket number, 1:17-cv-10650 (NLH/JS). Plaintiff challenged removal, and this Court eventually remanded this matter back to state court on June 26,

---

[3] This Court notes the same document is attached to Plaintiff's opposition. (Pl.'s Opp'n Br., Ex. A.)

2017.  It was against removed to this Court on August 9, 2018.  This time, Plaintiff has not challenged removal.

On August 24, 2018, Greenlee filed his Motion to Dismiss.  Plaintiff filed a brief in opposition.  Paramount filed an answer shortly thereafter.  Greenlee did not file a reply within the specified time.  Therefore, the Motion to Dismiss is ripe for adjudication.

## ANALYSIS

### A. Subject Matter Jurisdiction

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

### B. Motion to Dismiss for Lack of Personal Jurisdiction Standard

A defendant may move to dismiss, in lieu of an answer, on grounds that the Court lacks personal jurisdiction to adjudicate a matter concerning a particular defendant.  See FED. R. CIV. P. 12(b)(2).  Once a Rule 12(b)(2) motion is filed, "a plaintiff bears the burden of establishing the court's jurisdiction over the moving defendants."  Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004) (citing Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 (3d Cir. 2002)).  See also Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996) ("[O]nce a defendant has raised a jurisdictional defense, a plaintiff bears

4

the burden of proving by affidavits or other competent evidence that jurisdiction is proper." (citing Narco Avionics, Inc. v. Sportsman's Mkt., Inc., 792 F. Supp. 398, 402 (E.D. Pa. 1992))).

When an evidentiary hearing is not held, a "plaintiff need only establish a prima facie case of personal jurisdiction." Miller Yacht Sales, 384 F.3d at 97 (citing Pinker, 292 F.3d at 368). In that case, "a plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." Id. But, even so, "a plaintiff may not 'rely on the bare pleadings alone' in order to withstand a motion to dismiss for lack of personal jurisdiction." Demetro v. Nat'l Ass'n of Bunco Investigations, No. 14-6521 (KM/SCM), 2017 U.S. Dist. LEXIS 145061, at *17 (D.N.J. Sept. 7, 2017). A plaintiff must still provide "actual proofs, not mere allegations." Id. (quoting Patterson v. FBI, 893 F.2d 595, 604 (3d Cir. 1990)).

If a plaintiff is successful in doing so, the burden shifts back to the moving defendant. "Once the plaintiff has made out a prima facie case in favor of personal jurisdiction, the defendant 'must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" Mellon Bank PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1226 (3d Cir. 1992) (quoting Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 150 (3d Cir. 1992)).

5

**C.     Motion to Dismiss for Lack of Personal Jurisdiction**

Defendant Greenlee sets forth three arguments as to why this Court cannot assert personal jurisdiction over him. First, Greenlee asserts the forum selection clause in the contract he signed on behalf of Defendant Paramount does not apply to this suit. Second, Greenlee argues this Court cannot assert general personal jurisdiction. Third, Greenlee argues this Court cannot assert specific personal jurisdiction.

Plaintiff does not appear to contest Greenlee's second argument, so this Court will not consider it as a basis for personal jurisdiction. Plaintiff contests the other two arguments. Plaintiff argues the exception to the forum selection clause that Greenlee cites is inapplicable to this case. In other words, the forum selection clause should govern and personal jurisdiction is proper in this forum over Greenlee. Moreover, Plaintiff argues that specific personal jurisdiction is proper because the so-called fiduciary shield doctrine does not apply to Greenlee. This Court will consider each of these two arguments to the extent relevant.

This Court starts with an examination of the forum selection clause in the Staffing Agreement. Whether or not the forum selection clause applies is a foundational question. If it does apply, then this Court may find Greenlee has waived any

objections to being hailed into a New Jersey Court.[4] If not, then the only basis left for personal jurisdiction is through specific personal jurisdiction.

Greenlee argues this matter falls within an exception to the forum selection clause in the Staffing Agreement. In other words, Greenlee asserts this is merely a case about a disputed invoice and not subject to the jurisdiction of a New Jersey state or federal court.[5] Plaintiff disagrees. Plaintiff insists, whether or not any disputes were raised in the past as to invoices, this is not a dispute as to an invoice, but a breach of contract action.

Generally, a forum selection clause may allow a party to waive personal jurisdiction. Cambridge Mgmt. Group, LLC v. Baker, No. 12-3577 (NLH/KMW), 2013 U.S. Dist. LEXIS 44055, at

---

[4] "A forum selection clause may act as consent to personal jurisdiction, thus obviating the need for a personal jurisdiction analysis." Harfouche v. Wehbe, 950F. Supp. 2d 766, 770 (D.N.J. 2013) (citing Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703-04 (1982)). Thus, if this Court finds the forum selection clause binds Greenlee in this case, it need not engage in a separate personal jurisdiction analysis.

[5] Although this does not affect the final disposition of this particular issue, the Court notes here that Greenlee has filed the wrong motion if he wished to argue he falls within the section 4d exception to the forum selection clause in the Staffing Agreement. That exception requires arbitration of the dispute. Thus, to the extent Greenlee asserts this dispute does not fall within the forum selection clause, Greenlee would have to move to compel arbitration. This he has not done.

*24 (D.N.J. Mar. 28, 2013) (quoting Travelodge Hotels, Inc. v. Mangat Houston Race Track, LLC, No. 06-cv-3543 (JAG), 2007 U.S. Dist. LEXIS 53655, at *7 (D.N.J. July 25, 2007)). Because forum is a procedural issue, "the effect to be given a contractual forum selection clause in diversity cases is determined by federal not state law." Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3d Cir. 1995). Determining whether a forum selection clause may grant personal jurisdiction in a given situation requires three steps. First, the Court must determine whether a forum selection clause, because of the circumstances of its execution or consequences of its invocation would be unreasonable. Second, the Court must determine whether it is actually applicable to the claims at issue. Third, the Court must determine whether it is applicable to the person or entity at issue.

First, the Court will consider whether the forum selection clause is reasonable. Under federal law, "a forum selection clause is presumptively valid unless the party objecting to it can show that enforcement of the clause would be unreasonable under the circumstances." Cambridge Mgmt. Group, LLC, 2013 U.S. Dist. LEXIS 44055, at *25 (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)). Under the operative Third Circuit test, to show a forum selection clause is unreasonable and

therefore unenforceable, the challenging party must demonstrate one of the following three circumstances:

> (1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum,[6] or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable.

Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd., 709 F.2d 190, 201 (3d Cir. 1983), cert. denied, 464 U.S. 938 (1983), overruled on other grounds, Lauro Lines S.R.L. v. Chasser, 490 U.S. 495 (1989).

Greenlee has not demonstrated any of these circumstances. In fact, it appears Greenlee does not believe the forum selection clause was created under any of these circumstances or would create any of these consequences,[7] only that it does not apply to this particular claim. Next, the Court must determine

---

[6] The Court notes that the courts in the forum, New Jersey, have stated "forum selection clauses are generally enforced in New Jersey." Copelco Capital v. Shapiro, 750 A.2d 773, 775 (N.J. Super. Ct. App. Div. 2000) (citing Caspi v. Microsoft Network, L.L.C., 732 A.2d 528 (N.J. Super. Ct. App. Div. 1999)).

[7] Particularly, the Court notes that it finds no unreasonable inconvenience here. As the Third Circuit has stated "enforcement may be denied only where it would be 'seriously inconvenient,' such that the resisting party 'would be effectively deprived of its day in court.'" General Eng'g Corp. v. Martin Marietta Alumina, 783 F.2d 352, 356 (3d Cir. 1986) (citing The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 16 (1972)). No facts have been presented which would support that conclusion here.

whether the claims asserted here fall within the scope of the forum selection clause.

As opposed to the enforceability of a forum selection clause, the scope "is one of contract interpretation" and therefore requires a court to consider state law.  In re McGraw-Hill Global Educ. Holdings LLC, 909 F.3d 48, 58 (3d Cir. 2018) (quoting John Wyeth & Brother Ltd. v. CIGNA Int'l Corp., 119 F.3d 1070, 1073 (3d Cir. 1997)).  If a contract contains a choice of law provision, a court is to respect that choice.  Id.  Here, the Staffing Agreement designates New Jersey law to determine this matter.

Under New Jersey law, a court "must determine the meaning of the clause in the same manner it would any other contractual provision, i.e., by ascertaining the 'plain and ordinary meaning' of the clause."  LG Elecs. U.S.A., Inc. v. Actionlink, LLC, No. 15-5472 (MCA), 2015 U.S. Dist. LEXIS 147388, at *6 (D.N.J. Oct. 30, 2015) (quoting New Jersey v. Merrill Lynch & Co., 640 F.3d 545, 547-48 (3d Cir. 2011)) (underlining in original).  "If the language of the forum selection clause is unambiguous, 'the inquiry ends and the court must enforce the contract as written.'"  Id. (quoting Integrated Health Res., LLC v. Rossi Psychological Grp., P.A., 537 F. Supp. 2d 672, 674-75 (D.N.J. 2008)).

Plaintiff asserts this breach of contract and alter ego action is subject to the forum selection clause.  Defendant Greenlee asserts this is merely an invoice dispute and subject to the arbitration exception to the forum selection clause.  In other words, it appears the parties agree the forum selection clause is unambiguous, but disagree whether it is applicable to this case.

This Court finds the forum selection clause unambiguous.  The forum selection clauses requires all disputes related to the Staffing Agreement "or any other matter arising directly or indirectly from the Staffing Agreement or the Parties' obligations thereunder" to be filed in "the state or federal courts located in the State of New Jersey."  (Def.'s Mot. to Dismiss, Ex. D.)  Thus, all disputes related to the Staffing Agreement – like a breach of contract action – must be litigated in New Jersey.  The only exception to the forum selection clause would be disputes over invoices.  The types of claims (those relating to the Staffing Agreement, with one exception) and where claims must be brought (in state or federal court in New Jersey, with one exception) is unambiguous and clear.

As the Court understands Greenlee's argument, therefore, Greenlee agrees the instant dispute would be covered by the forum selection clause except that it is an invoice dispute.  Specifically – and Greenlee is rather opaque on this point – it

appears that Greenlee argues that an invoice dispute may be a subset of a breach of contract claim. But, based on the facts and allegations before this Court, this Court cannot find that this is a mere invoice dispute.[8] Even under Rule 12(b)(2), the Court must take a plaintiff's allegations as true. Here, Plaintiff has alleged this is a breach of contract and alter ego case where Defendant has not paid, therefore failing to fulfill his most basic contractual obligations. That claim falls within the clear confines of the forum selection clause. Plaintiff has established a prima facie case[9] and Defendants have provided no facts to the contrary.[10]

---

[8] The Court notes that Defendants – through the same counsel – have taken inconsistent positions. Greenlee has asserted in his Motion to Dismiss that the forum selection clause is inapplicable to this case. On the other hand, Paramount, by way of answering the complaint does not dispute personal jurisdiction or the forum selection clause and does not request the claim asserted against it to be arbitrated. It would seem these arguments would apply equally to both parties. Nonetheless, the Court does not consider this inconsistency in determining the merits of Greenlee's argument.

[9] The Court is aware that Plaintiff has an obligation to make a prima facie case of personal jurisdiction, which the Court finds it has done through its complaint and by providing a copy of the controlling contract. It is then incumbent upon Defendant to show why jurisdiction would be unreasonable.

[10] Here, one could imagine if this were an invoice dispute that Greenlee would have in his possession emails or other documents which would evidence his objections to the amount charged in the invoice. At the very least, Greenlee would have attested to the argument that this was an invoice dispute in his certification. One would also imagine that Greenlee would have at least started to follow the procedure in section 4d – or at least referenced

Finally, the Court must determine whether Greenlee is subject to the forum selection clause. At the outset, the Court notes that Greenlee's argument suggests he is bound by it. Instead of asserting that he, as a corporate signatory, is not bound by it in his personal capacity, Greenlee merely states he is subject to the exception. The Court finds this acknowledgement, in itself, could be enough to assert personal jurisdiction over Greenlee. But, in the interest of a full analysis, this Court will evaluate the merits.

Any argument that Greenlee is not personally bound by the forum selection clause would be unavailing. Case law in this District has routinely held otherwise. In one case, a CEO of a corporation asserted he was not personally subject to a forum selection clause because he signed it in a corporate capacity. Foley & Lewis Racing, Inc. v. Burling, No. 07-972 (JEI), 2008 U.S. Dist. LEXIS 14612, at *9 (D.N.J. Feb. 27, 2008). The Court rejected that argument, stating: "Because Defendant is the CEO of Erie, signed the agreement in that capacity, and derived benefit from the Agreement, he is closely related to Erie and

---

it – if there was an invoice dispute, as it lists the procedure the parties must follow when an invoice dispute arises. Greenlee has not provided any such evidence. This is required, as section 4d of the Staffing Agreement explicitly lists prerequisites to invocation of binding arbitration. The Court would be reluctant to compel arbitration or find a lack of personal jurisdiction without any evidence these contractual requirements were satisfied.

has standing to enforce the forum selection clause." Id. at *9-10. The same logic applies to this case, with even more force, as there is an alter ego claim and Greenlee appears to be the sole member of Paramount. See Affiliated Mortg. Prot., LLC v. Tareen, No. 06-4908 (DRD), 2007 U.S. Dist. LEXIS 5106, at *9-14 (D.N.J. Jan. 23, 2007) (finding a forum selection, executed by a corporation, bound employees in their personal capacity who received a benefit from it).

Thus, this Court finds that a member of an LLC, who signed on behalf of the entity, is subject to personal jurisdiction based on a forum selection clause. As a result, this Court need not reach whether there is specific jurisdiction absent the forum selection clause. That argument is moot, as it was waived when Greenlee signed the Staffing Agreement.

## **CONCLUSION**

For the reasons stated herein, Defendant Greenlee's Motion to Dismiss will be denied.

An appropriate Order will be entered.


Date: March 18, 2019     s/ Noel L. Hillman
At Camden, New Jersey     NOEL L. HILLMAN, U.S.D.J.

14